CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 17 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHIJIOKE KINGSLEY OFOCHE, MD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18cv00006 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| APOGEE MEDICAL GROUP, VIRGINIA, P.C., | ) | By: Hon. Jackson L. Kiser |
| and PHC-MARTINSVILLE, INC., d/b/a SOVAH | ) | Senior United States District Judge |
| HEALTH MARTINSVILLE (MARTINSVILLE | ) | |
| CI), d/b/a MEMORIAL HOSPITAL OF | ) | |
| MARTINSVILLE AND HENRY COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Apogee Medical Group ("Apogee") and PHC-Martinsville's ("PHC-Martinsville" or "Martinsville Memorial") Motions to Dismiss Plaintiff's First Amended Complaint [ECF Nos. 44 & 46]. After full briefing of the issues, I held oral argument on the motions on January 3, 2019. I have reviewed the arguments of the parties, the applicable law, and the relevant parts of the Record. For the reasons stated herein, the Motions to Dismiss will be granted.

### I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

The relevant allegations are set forth in my Opinion dated September 20, 2018 [ECF No. 38] and need not be repeated here.

With regard to the Amended Complaint, the only relevant[2] factual addition was the identity of an alleged comparator, Dr. Isernia. (See Am. Comp. ¶¶ 64–68 [ECF No. 43].) According to

---

[1] The facts are taken from Plaintiff's Amended Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] Other factual additions, while relevant in a legal sense, are not relevant here because they do not address an argument for dismissal. For example, although Plaintiff added relevant factual allegations regarding the

Plaintiff, Dr. Isernia, who is both Caucasian and American (and is not present in the country by virtue of an H-1B visa), received favorable treatment and work assignments that are not available to any other hospitalists (who are not Caucasian or American, and who are all present in the country by virtue of an H-1B visa).[3] Plaintiff alleges that he is jointly employed by Apogee and PHC-Martinsville, Dr. Isernia is employed solely by PHC-Martinsville, and all other hospitalists are "employed by Apogee and working at" PHC-Martinsville. (Id. ¶¶ 24, 60, 64.)

After receipt of the Amended Complaint, Defendants filed their respective motions to dismiss on October 12 & 18. Plaintiff filed his responses on October 31, and Defendants replied on November 7. I heard oral arguments on the motions on January 3, so the matter is ripe for disposition.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right

---

"joint employer" theory, neither Defendant is seeking dismissal on the grounds that it was not Plaintiff's employer.

[3] In his Amended Complaint, Plaintiff alleges that "**every single hospitalist** employed by Apogee and working at Martinsville Memorial is a **minority/person of color** who is a **foreign national**." (Am. Compl. ¶ 60 (emphasis in original).) Dr. Isernia, however, is employed "directly by Martinsville Memorial." (Id. ¶ 64.)

to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III.   DISCUSSION

Defendants' argument essentially boils down to their claim that Plaintiff's additional factual allegations do not save the defects I identified in my original opinion. I am constrained to agree.

Title VII makes it "an unlawful employment practice . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under both Title VII and § 1981, to succeed on his discrimination claims, Plaintiff must demonstrate: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); see also Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004) (evaluating a § 1981 racial discrimination claim and a Title VII racial discrimination claim under the same prima facie framework); Holder v. City of Raleigh, 867 F,2d 823, 828 (4th Cir. 1989) ("Our analysis with respect to Title VII also governs plaintiff's claims under . . . [§] 1983.").

Although it is not required, a plaintiff may utilize a comparator to prove his case. See Bryant v. Aiken Regional Medical Centers, Inc., 333 F.3d 536, 545 (4th Cir. 2003) (noting that a

plaintiff "is not required as a matter of law to point to a similarly situated white comparator in order to succeed on a race discrimination claim"). When a plaintiff relies on a comparator, however, "the validity of [his] prima facie case depends upon whether that comparator is indeed similarly situated." Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010) (per curiam) (unpublished) (citing Tx. Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981)). Showing that a comparator is "similarly situated" can include showing that the alleged comparators "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992) (quoted in Haywood, 387 F. App'x at 359).

Here, Plaintiff's allegations are insufficient to show that Dr. Isernia is a valid comparator. First, Plaintiff alleges that he was subject to employment by *both* Apogee and PHC-Martinsville, while Dr. Isernia was employed *only* by PHC-Martinsville. He has not alleged to whom Dr. Isernia reported, nor has he alleged that he and Dr. Isernia shared the same supervisor(s). All he alleges is that Dr. Isernia was not reprimanded for coming in late or leaving early. He does not allege that he made any similar complaints about the patient loads. Accordingly, aside from the status of hospitalist, Plaintiff has failed to allege any other similarities between himself and Dr. Isernia.

More to the point, however, Dr. Isernia is not similar to Plaintiff on the ultimately relevant point: his immigration status. As I concluded in my original opinion, Plaintiff's "allegations establish discrimination, if at all, on the basis of his immigration status." (See Mem. Op. pg. 6, Sept. 20, 2018 [ECF No. 38].) Rather than come forward with a white hospitalist who is present in the country on an H-1B visa,[4] thereby suggesting that *race* or *national origin* was in fact the

---

[4] To his credit, he alleges that all hospitalists at PHC-Martinsville are minority foreign nationals (everyone except Dr. Isernia, it seems). While I recognize that finding a comparator under the system he alleges

motivating factor, Plaintiff presents a *white*, *American* hospitalist who is *not* a foreign national. His evidence does not dissuade me from my original conclusion that this is a case of immigration discrimination—a class of discrimination that is not outlawed by either Title VII or § 1981.

Plaintiff countered at oral argument with two points: first, that I should not be distracted by the fact that Plaintiff's immigration status was the metaphorical "stick" with which his employers kept him under their thumb, and second, that he was precluded by law from filing an action under *both* the Title VII and the Immigration and Nationality Act ("INA"), see 8 U.S.C. § 1324b (2018). Neither argument is compelling.

Regarding the argument that his immigration status is not relevant, Plaintiff himself has disavowed that argument. He says, repeatedly and with great force, that Plaintiff's immigration status is a "proxy" for his race and national origin. On certain factual allegations, that is a fine and perfectly valid legal argument. See, e.g., Espinoza v. Farah Mfg. Co., 414 U.S. 86, 92 (1973) ("In some instances, for example, a citizenship requirement might be but one part of a wider scheme of unlawful national-origin discrimination. In other cases, an employer might use a citizenship test as a pretext to disguise what is in fact national-origin discrimination."). But Plaintiff's factual allegations do not fit within the "proxy" argument he makes. Rather, as is clear from his allegations, he was discriminated against, if at all, on the basis of his immigration status. That is simply not outlawed by Title VII or § 1981.

Plaintiff then argued that he is precluded by law from pursuing remedies under *both* Title VII and the INA, and he points to 8 U.S.C. § 1324b(b)(2) to support this argument. While Plaintiff's hardship in prosecuting his case is not a valid argument to avoid dismissal under Fed.

---

Defendants have designed (hiring only foreign nationals "in an effort to assert more than ordinary control over" them (see Am. Compl. ¶ 57)) is difficult—if not impossible—he is not required to present a comparator. See Bryant, 333 F.3d at 545. The comparator he does present, however, is not adequately alleged to be similarly situated.

R. Civ. P. 12(b)(6), I address the argument here because Plaintiff misrepresents the statute. That section of the statute reads, in whole:

> No charge may be filed respecting an unfair immigration-related employment practice ***described in subsection (a)(1)(A)*** if a charge with respect to that practice based on the same set of facts has been filed with the Equal Employment Opportunity Commission under title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.], unless the charge is dismissed as being outside the scope of such title. No charge respecting an employment practice may be filed with the Equal Employment Opportunity Commission under such title if a charge with respect to such practice based on the same set of facts has been filed under this subsection, unless the charge is dismissed under this section as being outside the scope of this section.

8 U.S.C. § 1324b(b)(2) (emphasis added). By its terms, the prohibition against filing under *both* Title VII *and* the INA only applies to "an unfair immigration-related employment practice described in subsection (a)(1)(A)" of the statute, meaning a charge of national origin discrimination. See id. § 1324b(a)(1)(A).[5] Thus, any claim of immigration status discrimination under the INA is not barred simply because Plaintiff brought a race and national origin discrimination claim under Title VII.

Accordingly, Plaintiff has failed to state a claim for race or national origin discrimination, and his Amended Complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Given that

---

[5] The same language would be superfluous in the second half of the statute, as the INA only outlaws discrimination on the basis of national origin and immigration status. Because immigration status discrimination is not actionable under Title VII, only national origin discrimination could be alleged *first* under the INA and *then* under Title VII.

Moreover, even if Plaintiff had made out a claim of national origin discrimination in his present pleadings, the INA does not preclude him from that claim refiling under § 1324b. By its terms, the prohibition against filing under both does not apply when "the charge is dismissed as being outside the scope of" Title VII. Id. On November 1, 2017, the EEOC sent Plaintiff a dismissal of his charges against his employer because "[t]he facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." [ECF No. 1-1.] Thus, his charge was dismissed as being outside the scope of Title VII, and the filing prohibition found in § 1324b of the INA likely would not, as he claims, bar his action.

Plaintiff has been unable to plead an actionable case of discrimination under Title VII or § 1981 after two bites at the apple, repleading will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, as well as those set forth in my Memorandum Opinion dated September 20, 2018 [ECF No. 38], Plaintiff has failed to plead an actionable case of discrimination under Title VII and § 1981. Defendants' motions to dismiss will therefore be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 17th day of January, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE